1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EDWARD W. FISHER, JR.,                )
      #644-286                          )
                                   )
          Plaintiff,                     )          2:10-cv-01009-KJD-RJJ
                                   )
vs.                                              )
                                   )          **ORDER**
LAS VEGAS CITY JAIL                    )
ACCOUNTS DEPARTMENT              )
         Defendant.                     )
_____/

This is a prisoner civil rights action. Plaintiff's application to proceed *in forma pauperis* is granted (docket #3). The court now reviews the complaint.

**I. Screening Standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may,

therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.*  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

2

**II.  Instant Complaint**

1   

2          Plaintiff, who is being held at the City of Las Vegas Detention Center ("LVDC"), has

3  sued the LVDC accounts department, alleging mismanagement of his inmate account.  Plaintiff claims

4  that he was arrested with $35.00, but that when he attempted to get money from his account for

5  commissary, he was told the money had been applied to "back medical" and "back indigent" claims,

6  without any notice to plaintiff.  Plaintiff also asserts that at that time he discovered that $120.00 from

7  an unknown source had been deposited into his account, but was applied to back claims without notice,

8  documentation or his signature.  Plaintiff alleges that his account and another inmate's account have

9  been confused because the money credited to his account was not his.  He also maintains that the

10  medical and indigent claims were for another inmate and his money should not have been applied to

11  those claims.  Plaintiff brings claims for "misconduct of funds," "misconduct of accounts," and

12  "misconduct of billing," and seeks an accounting as well as damages.

13          To sustain an action under section 1983, a plaintiff must show (1) that the conduct

14  complained of was committed by a person acting under color of state law; and (2) that the conduct

15  deprived the plaintiff of a federal constitutional or statutory right."  *Hydrick v. Hunter*, 466 F.3d 676,

16  689 (9th Cir. 2006).  Plaintiff has not alleged the deprivation of a constitutional or statutory right.

17  However, his allegations may implicate the Due Process Clause of the Fourteenth Amendment.  The Due

18  Process Clause protects prisoners from being deprived of property without due process of law.  *Wolff*

19  *v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).  Additionally, prisoners have

20  a protected interest in their personal property under the Due Process Clause.  *Hansen v. May*, 502 F.2d

21  728, 730 (9th Cir.1974).  However, "an unauthorized intentional deprivation of property by a state

22  employee does not constitute a violation of the procedural requirements of the Due Process Clause of

23  the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson*

24  *v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).  Thus, where the state provides

25  a meaningful post-deprivation remedy, only an authorized, intentional deprivation of a prisoner's

26  property constitutes an actionable violation of the Due Process Clause.  An authorized deprivation of

1   property is one carried out pursuant to established state procedures, regulations, or statutes. *Piatt v.*

2   *McDougall*, 773 F.2d 1032, 1036 (9th Cir.1985); *see also Knuedson v. City of Ellensburg*, 832 F.2d

3   1142, 1149 (9th Cir.1987).

4            Plaintiff's complaint must be dismissed.  However, because his allegations may implicate

5   his due process rights, plaintiff has leave to file an amended complaint.  If plaintiff elects to file  an

6   amended complaint, he is advised that he should specifically identify each defendant to the best of his

7   ability, clarify what constitutional right he believes each defendant has violated and support each claim

8   with factual allegations about each defendant's actions.  There can be no liability under 42 U.S.C. § 1983

9   unless there is some affirmative link or connection between a defendant's actions and the claimed

10  deprivation. *Rizzo*, 423 U.S. 362; *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson*, 588 F.2d

11  at 743.  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See*

12  *Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

13           Plaintiff is informed that the court cannot refer to a prior pleading in order to make

14  plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be

15  complete in itself without reference to any prior pleading. This is because, as a general rule, an amended

16  complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once

17  plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

18  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each

19  defendant must be sufficiently alleged.

20  **III. Conclusion**

21           **IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma*

22  *pauperis* (docket #3) without having to prepay the full filing fee is **GRANTED**;  plaintiff shall not be

23  required to pay an initial installment fee.  Nevertheless, the full filing fee shall still be due, pursuant to

24  28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996.  The movant herein is

25  permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or

26  the giving of security therefor.  This order granting *in forma pauperis* status shall not extend to the

4

issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the City of Las Vegas Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Edward W. Fisher, Jr., **Inmate No. 644-286** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  If plaintiff should be transferred into the custody of the Nevada Department of Corrections, the City of Las Vegas Detention Center Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that plaintiff has paid toward his filing fee, so that funds may continue to be deducted from plaintiffs account. **The Clerk shall send a copy of this order to the City of Las Vegas Detention Center Accounting Supervisor, 3300 Stewart Ave., Las Vegas, NV 89101.**

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** that plaintiff will have **thirty (30) days** from the date that this Order is entered to file his amended complaint, if he believes he can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

**IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **2:10-cv-01009-KJD-RJJ**, above the words "FIRST AMENDED" in the space for "Case No."

1        **IT IS FURTHER ORDERED** that plaintiff is expressly cautioned that if he does not

2   timely file an amended complaint in compliance with this order, this case may be immediately

3   dismissed.

4        **IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank section 1983

5   civil rights complaint form with instructions along with one copy of the original complaint.

6        DATED this 30th day of September, 2010.

7

8

9   _____
    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26